Gerald Barrett, Esq. SBN: 005955
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue
Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PHILLIP A. McNALLY as Trustee of the Plaintiff Taft-Hartley Trust Funds; BRYAN DeWITT, as Trustee of the Plaintiff Taft-Hartley Trust Funds; ARIZONA PIPE TRADES HEALTH AND WELFARE TRUST FUND, a Taft-Hartley Trust Fund; ARIZONA PIPE TRADES PENSION TRUST FUND, a Taft-Hartley Trust Fund, ARIZONA PIPE TRADES DEFINED CONTRIBUTION PENSION FUND, a Taft-Hartley Trust Fund;; PIPE TRADES INDUSTRY PROGRAM OF ARIZONA, a Taft-Hartley Trust Fund; and, LOCAL UNION NO. 469 OF UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING TRADE, a Labor Organization, <br>              Plaintiffs, <br> vs. <br> M.L. COLLINS, INC. ., an Arizona corporation; <br>              Defendants. | Case No.: <br><br> COMPLAINT |

Plaintiffs allege, as follows:

Complaint - 1

COUNT I: *Enforcement of Collective Bargaining Agreement*

1. Count One is brought to enforce the terms of a collective bargaining agreement. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Arizona Pipe Trades Defined Contribution Pension Fund and Plaintiff Pipe Trades Industry Program of Arizona are each the designated payee of certain contributions required to be made by each employer signatory to or otherwise bound by a collective bargaining agreement with plaintiff Local Union 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry. In this regard, each of these Plaintiff Trust Funds is established pursuant to an Agreement and Declaration of Trust which is incorporated by reference in said collective bargaining agreements and operates as a Taft-Hartley Trust Fund.

3. Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

4. Plaintiffs Bryan DeWitt and Phillip A. McNally are each duly appointed trustees of the above described Plaintiff Taft-Hartley Trust Funds.

5. Plaintiff Local Union No. 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Industry is a labor organization within the meaning of the federal labor laws. Plaintiff Local Union No. 469 maintains its principal place of business in Phoenix, Maricopa County, Arizona.

6. Defendant, M.L. Collins Inc., at all times relevant herein, was and is transacting business within the State of Arizona as a construction contractor with its principal offices located in Maricopa County Arizona.

7. Venue is appropriate as virtually all relevant acts occurred in Maricopa County, including the fact that the above-described contributions are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

8. Defendant, at all relevant times, was bound by the terms of a collective bargaining agreement with Plaintiff Local Union No. 469. Said agreement required Defendant to file a contribution report form on a monthly basis, with the various Plaintiff Trust Funds described in Paragraph 3 above. In said contribution report form, Defendant was required to list the names of each employee performing work covered by said collective bargaining agreement and the number of hours worked by each employee. Defendant was further obligated to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked.

9. The Agreement and Declaration of Trust for the Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund and Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund are each incorporated within the terms of the above described collective bargaining agreement.

10. The Agreement and Declaration of Trust for the Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund and Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund each provide that Defendant is required to pay liquidated damages in the event that it fails to timely pay all contributions due and owing.

11. Defendant by virtue of being bound to its collective bargaining agreement with Plaintiff Local Union No. 469 was required to deduct a specified amount from the wages of each employee who signed a dues authorization check off form and remit that to Plaintiff Local Union No. 469 as and for dues payment and a specific sum from each employee who signed an authorization a specific sum as and for a contribution to the political action committee. Defendant was obligated to remit said amounts when paying its contributions to the various plaintiff trust funds.

12. Defendant failed to timely file its contribution reporting form and pay contributions due as described in Paragraph 8 for work performed during the month of November 2012.

13. Having not timely filed its contribution reporting form for hours worked in November 2012, Defendant owes liquidated damages is the following amounts:

    A. To Plaintiff Arizona Pipe Health and Welfare Trust Fund the sum of $ 127.88.

    B. To Plaintiff Arizona Pipe Trades Pension Trust Fund the sum of $44.37.

    C. To Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund the sum of $ 45.68.

14. Defendants worked employees in covered employment in December, 2012 and January, 2013, but failed to file contribution reporting forms for said work or pay required fringe benefit contributions or remit money deducted from employees' wages for union dues and contributions to the political action committee.

15. Absent entry of an order compelling defendants' compliance with its reporting and payment obligations, defendants will most likely breach such obligations for future months.

16. Absent receipt of defendants' monthly reporting forms, plaintiff trust funds lack ability to credit plan participants with hours worked creating the risk that such participants will lose health insurance eligibility and not obtain pension credits. In this regard, defendant's employees establish eligibility for health insurance and pension credits by working sufficient hours to meet criteria governing each plan.

17. Defendants' future breaches will irreparably injure employee participants as well as the plaintiff employee benefit plans.

18. The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees and court costs incurred as a result of collection efforts.

19. Plaintiffs have incurred attorney's fees, court costs and other costs of collection.

20. Plaintiffs are entitled to recover pre-judgment interest.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant that compels defendants to (1) pay the liquidated damages due for the untimely payment of contributions owed for work performed in November, 2012. (2) timely comply with all reporting and payment obligations for hours worked in December 2012 and all subsequent months and (3) all other relief deemed by the Court to be appropriate including attorneys' fees and pre-judgment interest.

## COUNT II: *Enforcement of ERISA § 515*

21. Plaintiffs incorporate by this reference those matters set forth above except for Paragraph 11.

22. Plaintiffs second claim arises under, and jurisdiction is conferred in this Court by virtue of Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132.

23. By the acts and conduct alleged and complained hereinabove, Defendant has violated Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145.

24. Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) to recover liquidated damages and attorneys' fees and court costs incurred herein.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant that compels defendants to (1) pay the liquidated damages due for the untimely payment of contributions owed for work performed in November, 2012. (2) timely comply with all reporting and payment obligations for hours worked in December 2012 and all subsequent months and (3) all other relief deemed by the Court to be appropriate including attorneys' fees and pre-judgment interest.

Dated this 8th day of March, 2013.

    S/GERALD BARRETT
    Gerald Barrett
    WARD, KEENAN & BARRETT, P.C.
    3838 N. Central Avenue

Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiff